SOLOMON WITT, Respondent, v. JACOB ALTER, Appellant.—.Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

JOSEPH ALI, Respondent, v. SAMUEL BLOOM, Defendant, Impleaded with MATTEO ORTOLANO, Also Known as MATTEO ORTOLANDO, and JAMES RANDOLPH, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

MAX ARNOLD, Respondent, v. CHARLES I. GOLDMAN, as Secretary and Treasurer of International Pocketbook Workers Union, an Unincorporated Association Consisting of Seven or More Members, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

BAUMER PIANO COMPANY, Appellant, v. HERCULES S. MOLEA, Respondent.— Order of the County Court of Westchester county reversing judgment of the City Court of New Rochelle, and judgment of said City Court entered pursuant thereto, reversed on the law and the facts, with costs, and judgment of said City Court, dated April 15, 1931, reinstated. In our opinion there was no question of law involved in this case and the judgment of the City Court was not contrary to the weight of evidence and should not have been reversed by the County Court. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

OLGA BETZ and CHARLES BETZ, Respondents, v. TERMINAL CAB CORPORATION, Appellant, and SAM FINS, Defendant.— Order denying motion to vacate judgment affirmed, with costs. In our opinion the appellant was guilty of unreasonable neglect. The commission for the deposition which was sought could have been issued and returned long before the day upon which the trial was sought to be commenced. The appeal from the judgment is dismissed, with costs. The judgment was a default judgment. The appearance of counsel before the trial was commenced and before the jury was sworn and the request for a postponement and his withdrawal from all proceedings thereupon taken did not constitute a trial from which an appeal from the judgment entered thereon may be taken. Young, Kapper, Hagarty, Carswell and Davis, JJ., concur.